Jeannine Yoo Sano (174190)
jsano@whitecase.com
Allen Wang (270785)
awang@whitecase.com
White & Case LLP
3000 El Camino Real
Five Palo Alto Square, 9th Floor
Palo Alto, CA  94306-2109
Telephone:  (650) 213-0314
Facsimile:  (650) 213-8158

James P. Gagen (*pro hac vice* pending)
jgagen@whitecase.com
White & Case LLP
701 Thirteenth Street, NW
Washington, DC  20005-3807
Telephone:  (202) 626-6496
Facsimile:  (202) 639-9355

Attorneys for Plaintiff
AUTODESK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTODESK, INC.,<br><br>             Plaintiff,<br><br>      v.<br><br>JOSEPH ALTER and<br>JOSEPH ALTER, INC., a California<br>corporation,<br><br>             Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,720,962**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Autodesk, Inc. seeks a declaratory judgment of non-infringement of United States Patent No. 6,720,962 ("'962 patent") against Defendants Joseph Alter and Joseph Alter, Inc. (collectively "Defendants" or "Alter") and alleges the following:

## NATURE OF THE ACTION

1.      This is an action for declaratory judgment of non-infringement of the '962 patent arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202, and the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*

2.      Autodesk requests this relief because Alter has alleged that Autodesk infringes the claims of the '962 patent and is not authorized to use or distribute certain software known as "XGen."

3.      An actual and justiciable controversy therefore exists under 28 U.S.C. §§ 2201 - 2202 between Autodesk and Alter as to whether Autodesk infringes the claims of the '962 patent.

## THE PARTIES

4.      Autodesk is a Delaware corporation with its principal place of business at 111 McInnis Parkway, San Rafael, California  94903.  Autodesk is a global leader in digital design technologies.  Autodesk develops a number of 3D design, engineering, and entertainment software products, including Autodesk Maya.  Autodesk Maya provides 3D modeling, animation, effects, rendering, and compositing solutions to film and video artists, game developers, and other design professionals, allowing those designers to create lifelike images, realistic animations, extraordinary visual effects, and full-length feature films.

5.      On information and belief, Joseph Alter is an individual residing at 1412 Oldbury Place, Westlake Village, California 91361, the sole named inventor listed on the face of the '962 patent, and an owner of rights in the '962 patent.  He previously resided at 912 Cole Street, #107, San Francisco, California 94117.

6.      On information and belief, Joseph Alter, Inc. is a California Corporation with its principal place of business at the residence of Joseph Alter, 1412 Oldbury Place, Westlake Village, California 91361.  Joseph Alter, Inc. was also previously located at Joseph Alter's residence at 912 Cole Street, #107, San Francisco, California 94117.  On information and belief,

- 1 -

Joseph Alter, Inc. is an assignee of rights in the '962 patent and markets a software product called "Shave and a Haircut" for use with Autodesk Maya to Autodesk's customers.

## JURISDICTION AND VENUE

7.     This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202, and under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*

8.     This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), and 2201(a).  An immediate, real, and justiciable controversy exists between Autodesk and Alter as to whether Autodesk is infringing the '962 patent.

9.     This Court has personal jurisdiction over Defendants.  On information and belief, Joseph Alter resides in California and engages in regular business and patent enforcement activities in California and this District.  On information and belief, Joseph Alter, Inc. is a corporation organized under the laws of California with its principal place of business in California, and engages in regular business and patent enforcement activities in California and this District.

10.     Venue in this District is proper under 28 U.S.C. §§ 1391 (b), (c), and (d). Autodesk maintains its principal place of business in this District.  Defendants Joseph Alter and Joseph Alter, Inc. are subject to personal jurisdiction in this District and have conducted regular business activities in this District, including marketing software products to Autodesk's employees and customers in this District.  Defendants have entered into agreements with Autodesk providing that any litigation between the parties shall be commenced and maintained in this District.  Defendants have also engaged in patent enforcement activities in this District, including the specific activities giving rise to Autodesk's claims in this action.

## INTRADISTRICT ASSIGNMENT

11.     Pursuant to Civil L.R. 3-2(c) and 3-5(b), this is an Intellectual Property Action subject to assignment on a district-wide basis.

## FACTUAL BACKGROUND

12.     Alter markets a software product called "Shave and a Haircut" or "Shave" to Autodesk's customers for use as a plugin with Autodesk Maya.  On December 13, 2004, Alter

- 2 -

and Autodesk entered into a license of the "Shave and a Haircut" software for use with Autodesk's 3ds Max software, including source code and accompanying documentation, which was renewed on November 27, 2008.  On September 15, 2014, this license was converted to a perpetual license, and Autodesk received the perpetual and irrevocable right to modify, copy, or otherwise use the "Shave and a Haircut" source code.

13.     On information and belief, the '962 patent was filed December 4, 2000, listing Joseph Scott Alter as the named inventor.  The '962 patent issued April 13, 2004 to Joseph Alter, Inc.  Assignment records filed with United States Patent and Trademark Office show that Joseph Alter, Inc. assigned rights in the '962 patent to Joseph Alter on September 30, 2011.  A true and correct copy of the '962 patent is attached as Exhibit A.

14.     On information and belief, Disney has a license to the '962 patent which extends to Disney's direct customers, indirect customers, and any end-users of XGen.  In August 2011, Disney and Autodesk announced an agreement under which Autodesk licensed certain software tools and features from Disney, including XGen.

15.     On October 5, 2011, Alter filed a lawsuit against Disney alleging infringement of certain claims of the '962 patent, *Joseph Alter v. The Walt Disney Company*, Case No. 11-cv-08277-PA (C.D. Cal. Oct. 5, 2011), which the parties settled on or about January 31, 2012.

16.     On July 22, 2016, Alter filed a second lawsuit against Disney in the Superior Court of the State of California for the County of Los Angeles.  Among other allegations, this complaint against Disney alleges that Autodesk is infringing the '962 patent.  A true and correct copy of Alter's complaint against Disney is attached as Exhibit B.

17.     By letter dated July 26, 2016, Alter has alleged that Autodesk is infringing the '962 patent and is not authorized to use or distribute XGen in Autodesk Maya.  A true and correct copy of Alter's July 26, 2016 correspondence to Autodesk is attached as Exhibit C.

**AUTODESK DOES NOT INFRINGE THE '962 PATENT**

18.     No Autodesk software products directly or indirectly infringe any claim of the '962 patent, whether literally or under the doctrine of equivalents.

19.     Autodesk also does not directly or indirectly infringe any claim of the '962 patent,

- 3 -

1   whether literally or under the doctrine of equivalents, pursuant to the doctrine of patent

2   exhaustion.

3       20.     No third party infringes any claim of the '962 patent by using Autodesk's software

4   products.  Autodesk has not caused, directed, requested, or facilitated any infringement, much

5   less with any specific intent to do so.  Autodesk's software products are not designed for use in

6   any combination which infringes any claim of the '962 patent.  To the contrary, Autodesk's

7   software products each have substantial uses that do not infringe any claim of the '962 patent.

8       21.     Furthermore, Autodesk's use and distribution of XGen in Autodesk Maya is

9   authorized and licensed under the '962 patent.

10                              **<u>FIRST COUNT</u>**

11                    **(Declaration of Non-Infringement of the '962 Patent)**

12      22.     Autodesk hereby restates and incorporates by reference each and every allegation

13  set forth in paragraphs 1 through 21 of this Complaint as though fully repeated and set forth

14  herein.

15      23.     Alter claims to own all rights, title, and interest in the '962 patent.

16      24.     On July 22, 2016, Alter filed a lawsuit against Disney alleging, among other

17  things, that Autodesk is infringing the '962 patent through its use of XGen.

18      25.     In a letter dated July 26, 2016, Alter has alleged that Autodesk is infringing the

19  '962 patent through Autodesk's use of XGen in Autodesk Maya.

20      26.     Autodesk does not directly or indirectly infringe the '962 patent, either literally or

21  under the doctrine of equivalents, at least because Autodesk Maya cannot be used to perform all

22  steps of the methods claimed in the '962 patent.

23      27.     Autodesk does not directly or indirectly infringe the '962 patent, either literally or

24  under the doctrine of equivalents, at least because Disney's authorized sale of XGen under license

25  from Alter exhausted Alter's ability to enforce the '962 patent against purchasers and users of

26  XGen, including Autodesk.

27      28.     An actual and justiciable controversy therefore exists between Autodesk and Alter

28  regarding whether Autodesk infringes the '962 patent.  A judicial declaration is appropriate and

- 4 -

1    necessary to determine the respective rights of the parties regarding the '962 patent.

2        29.    Autodesk seeks a judgment declaring that Autodesk does not directly or indirectly

3    infringe any claim of the '962 patent.

4                                **SECOND COUNT**

5                   **(Declaration of License to the '962 Patent)**

6        30.    Autodesk hereby restates and incorporates by reference each and every allegation

7    set forth in paragraphs 1 through 29 of this Complaint as though fully repeated and set forth

8    herein.

9        31.    In Alter's July 26, 2016 letter to Autodesk, Alter has alleged that Autodesk is not

10   authorized to use or distribute XGen.

11       32.    On information and belief, Alter licensed the '962 patent to Disney and Disney's

12   direct customers, indirect customers, and any end-users of XGen.

13       33.    Autodesk is a customer of Disney and/or end-user of XGen.

14       34.    Autodesk's use and distribution of XGen is authorized and licensed under the '962

15   patent.

16       35.    An actual and justiciable controversy therefore exists between Autodesk and Alter

17   regarding whether Autodesk's use and distribution of XGen is authorized and licensed under the

18   '962 patent.

19       36.    Autodesk seeks a judgment declaring that Autodesk's use and distribution of

20   XGen is authorized and that Autodesk is licensed under the '962 patent.

21                              **PRAYER FOR RELIEF**

22       WHEREFORE, Autodesk prays for judgment as follows:

23       A.    Declaring that Autodesk has not infringed and is not infringing the '962 patent,

24   and that any claim of infringement by Alter is barred under the doctrine of patent exhaustion;

25       B.    Declaring that Autodesk's use and distribution of XGen is authorized under the

26   license agreement between Alter and Disney;

27       C.    Declaring that Autodesk is licensed under the '962 patent;

28       D.    Declaring that judgment be entered in favor of Autodesk and against Alter on

1   Autodesk's claims;

2       E.      Declaring that Alter is enjoined from claiming that Autodesk infringes or is not

3   licensed to the '962 patent;

4       F.      Finding that this is an exceptional case under 35 U.S.C. § 285;

5       G.      Awarding Autodesk its costs and attorneys' fees in connection with this action;

6   and

7       H.      Awarding Autodesk such other and further relief as the Court deems just and

8   proper.

9                                    **JURY DEMAND**

10      Autodesk demands a jury trial on all issues and claims so triable.

11

12  Dated:   August 17, 2016                    Respectfully submitted,

13                                              By:   */s/ Allen Wang*
                                                      Allen Wang

14
                                                Attorneys for Plaintiff
15                                              AUTODESK, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

- 6 -