Jeannine Yoo Sano (174190)
Allen Wang (278953)
White & Case LLP
3000 El Camino Real
Five Palo Alto Square, 9th Floor
Palo Alto, CA 94306-2109
Telephone: (650) 213-0356

James P. Gagen (*pro hac vice*)
White & Case LLP
701 13th Street NW
Washington DC 20005-3807
Telephone: (202) 626-6496
WCAutodeskAlterTeam@whitecase.com

Attorneys for Plaintiff
AUTODESK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

AUTODESK, INC.,

Plaintiff,

v.

JOSEPH ALTER and
JOSEPH ALTER, INC.,

Defendants;

JOSEPH ALTER and
JOSEPH ALTER, INC.,

Counterplaintiffs,

v.

THE WALT DISNEY COMPANY and
AUTODESK, INC.,

Counterdefendants.

Case No. 3:16-cv-04722

**AUTODESK'S REPLY TO COUNTERCLAIM OF DEFENDANTS JOSEPH ALTER AND JOSEPH ALTER, INC.**

Plaintiff Autodesk, Inc. hereby responds to the Counterclaim of Defendants Joseph Alter and Joseph Alter, Inc. ("Defendants" or "Alter") in the correspondingly numbered paragraphs. Unless expressly admitted, each and every allegation of the Counterclaim, including any characterizations or allegations contained or implied in any headings or non-numbered paragraphs, are denied.

**DEFENDANTS' COUNTERCLAIM**

38. Admitted.

39. Admitted.

40. Admitted.

41. Autodesk lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41 and on that basis denies each and every allegation in paragraph 41.

42. Autodesk admits that this is a patent infringement action and that the Court has subject matter jurisdiction over all parties' claims to the extent they arise under the patent laws of the United States pursuant to at least 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted, Autodesk denies each and every allegation of paragraph 42.

43. Autodesk lacks knowledge or information sufficient to form a belief about whether the claims asserted by Defendants form part of the same case or controversy under Article III of the United States Constitution and on that basis denies each and every allegation of paragraph 43.

44. Autodesk admits venue is proper in this District and that Autodesk maintains its principal place of business in this District. Autodesk denies that it has committed any acts of infringement. Autodesk lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 44 and on that basis denies them. Except as expressly admitted, Autodesk denies each and every allegation of paragraph 44.

45. Autodesk admits that it develops a number of software products for computer animation, including Autodesk Maya. Autodesk admits that Joseph Alter and Joseph Alter, Inc. are Defendants in the declaratory judgment complaint filed by Autodesk. Autodesk admits that Defendants market a software product called "Shave and a Haircut" for use with Autodesk Maya.

Autodesk admits that the filing date listed on the face of U.S. Patent No. 6,720,962 ("'962 patent) is December 4, 2000. Except as expressly admitted, Autodesk denies each and every allegation of paragraph 45.

46. Autodesk admits that in 2006 Marc Petit was an Autodesk employee working on media and entertainment solutions. Autodesk lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 46 and on that basis denies them. Except as expressly admitted, Autodesk denies each and every allegation of paragraph 46.

47. Autodesk admits that in 2011 Autodesk announced an agreement to license the XGen software. Autodesk lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 47 and on that basis denies them. Except as expressly admitted, Autodesk denies each and every allegation of paragraph 47.

48. Autodesk lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48 and on that basis denies each and every allegation in paragraph 48.

49. Autodesk lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49 and on that basis denies each and every allegation in paragraph 49.

50. Denied.

51. Autodesk lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51 and on that basis denies each and every allegation in paragraph 51.

52. Autodesk lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 52 and on that basis denies each and every allegation in paragraph 52.

53. Autodesk admits that on July 22, 2016, Defendants sued Disney in the Superior Court of the State of California for the County of Los Angeles, and that Disney removed the case to the Central District of California, and moved to stay pending the resolution of Autodesk's complaint for declaratory judgment. Autodesk further admits that Disney's motion to stay was

granted, and that Defendants dismissed their complaint against Disney. Except as expressly admitted, Autodesk denies each and every allegation of paragraph 53.

54. Autodesk admits it filed a declaratory judgment complaint on August 17, 2016 seeking a declaration of non-infringement and a declaration that Autodesk is licensed to the ’962 patent. Autodesk also admits that its August 17, 2016 complaint did not request a declaratory judgment of invalidity of the ’962 patent. Except as expressly admitted, Autodesk denies each and every allegation of paragraph 54.

55. Denied.

56. Autodesk lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 56 and on that basis denies each and every allegation in paragraph 56.

57. Autodesk lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 57 and on that basis denies each and every allegation in paragraph 57.

58. Autodesk lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 58 and on that basis denies each and every allegation in paragraph 58.

59. Autodesk lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 59 and on that basis denies each and every allegation in paragraph 59.

60. Autodesk lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60 and on that basis denies each and every allegation in paragraph 60.

61. Autodesk lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 61 and on that basis denies each and every allegation in paragraph 61.

62. Autodesk lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 62 and on that basis denies each and every allegation in

paragraph 62.

63. Autodesk lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 63 and on that basis denies each and every allegation in paragraph 63.

64. Denied.

**<u>FIRST COUNT</u>**

65. Autodesk hereby restates and incorporates by reference the allegations in paragraphs 1 through 36 of Autodesk's complaint and its responses to counterclaim paragraphs 38-64 as though fully set forth herein.

66. Autodesk admits that it alleges that Defendants licensed the '962 patent to Disney and Disney's direct customers, indirect customers, and any end-users of XGen. Autodesk lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 66 and on that basis denies them.

67. Autodesk admits that it alleges that Autodesk is a customer of Disney and/or end-user of XGen. Autodesk lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 67 and on that basis denies them.

68. Autodesk admits that it alleges that Autodesk's use and distribution of XGen is authorized and licensed under the '962 patent. Autodesk lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 68 and on that basis denies them.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Autodesk admits an actual and justiciable controversy exists between Autodesk and Defendants regarding whether Autodesk's use and distribution of XGen is authorized and licensed under the '962 patent. Autodesk lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 73 and on that basis denies them.

Except as expressly admitted, Autodesk denies each and every allegation of paragraph 73.

74. Denied.

**SECOND COUNT**

75. Autodesk hereby restates and incorporates by reference the allegations in paragraphs 1 through 36 of Autodesk's complaint and its responses to counterclaim paragraphs 38-74 as though fully set forth herein.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

**THIRD COUNT**

80. Autodesk hereby restates and incorporates by reference the allegations in paragraphs 1 through 36 of Autodesk's complaint and its responses to counterclaim paragraphs 38-79 as though fully set forth herein.

81. Autodesk denies that it has infringed the '962 patent. Autodesk lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 81 as to Disney and on that basis denies them. Autodesk further denies each and every allegation of paragraph 81.

82. Autodesk lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 82 as to Disney and on that basis denies them. Autodesk further denies each and every allegation of paragraph 82.

**FOURTH COUNT**

83. Autodesk hereby restates and incorporates by reference the allegations in paragraphs 1 through 36 of Autodesk's complaint and its responses to counterclaim paragraphs 38-82 as though fully set forth herein.

84. Autodesk lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 84 and on that basis denies each and every allegation in paragraph 84.

85. Autodesk lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 85 and on that basis denies each and every allegation in paragraph 85.

86. Autodesk lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 86 as to Disney and on that basis denies them. Autodesk further denies each and every allegation in paragraph 86.

87. Autodesk lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 87 and on that basis denies each and every allegation in paragraph 87.

**FIFTH COUNT**

88. Autodesk hereby restates and incorporates by reference the allegations in paragraphs 1 through 36 of Autodesk's complaint and its responses to counterclaim paragraphs 38-87 as though fully set forth herein.

89. This paragraph contains improper conclusions of California contract law that do not require a response. Autodesk denies that it has infringed the '962 patent. Autodesk lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 89 as to Disney and on that basis denies them. Autodesk further denies each and every allegation in paragraph 89.

90. Autodesk lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 90 and on that basis denies each and every allegation in paragraph 90.

91. Autodesk denies that it has infringed the '962 patent. Autodesk lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 91 as to Disney and on that basis denies them. Autodesk further denies each and every allegation in paragraph 91.

92. Autodesk lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 92 and on that basis denies each and every allegation in paragraph 92.

**SIXTH COUNT**

93. Autodesk hereby restates and incorporates by reference the allegations in paragraphs 1 through 36 of Autodesk's complaint and its responses to counterclaim paragraphs 38-92 as though fully set forth herein.

94. Autodesk lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 94 as to Disney and on that basis denies them. Autodesk further denies each and every allegation in paragraph 94.

95. Autodesk lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 95 as to Disney and on that basis denies them. Autodesk further denies each and every allegation in paragraph 95.

**SEVENTH COUNT**

96. Autodesk hereby restates and incorporates by reference the allegations in paragraphs 1 through 36 of Autodesk's complaint and its responses to counterclaim paragraphs 38-95 as though fully set forth herein.

97. Autodesk lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 97 as to Disney and on that basis denies them. Autodesk further denies each and every allegation in paragraph 97.

**DEFENDANTS' PRAYER FOR RELIEF**

Autodesk denies that Defendants are entitled to judgment in their favor or any relief whatsoever, including any of the relief requested in paragraphs A-H of Defendants' prayer for relief.

**AFFIRMATIVE DEFENSES**

In addition to the defenses set forth herein, Autodesk expressly reserves the right to allege and assert any defenses or affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defense, at law or in equity, that may now exist or in the future become known or available based upon discovery and further investigation in this case. Autodesk also expressly incorporates by reference as though fully repeated herein each and every defense pleaded by any other Counter-Defendant in this Action in

any Reply to Defendants' Counterclaim.

1. Defendants fail to state any claim against Autodesk upon which relief may be granted.

2. Autodesk does not and has not directly or indirectly infringed, literally or under the doctrine of equivalents, any asserted claims of the '962 patent.

3. Disney's authorized sale of XGen under license from Alter exhausted Alter's ability to enforce the '962 patent against purchasers and users of XGen, including Autodesk.

4. Autodesk's use and distribution of XGen is authorized and Autodesk is licensed under the '962 patent.

5. Defendants are not entitled to injunctive relief because Autodesk has not infringed and is not infringing any valid claim of the '962 patent, and any purported injury to Defendants is not immediate or irreparable. To the extent Defendants prove that they would be entitled to any relief, they would have an adequate remedy at law. Moreover, the public interest and balance of hardships disfavor an injunction under the current circumstances of this case.

6. Defendants have no basis to claim that this is an exceptional case to justify any award of attorney fees or costs against Autodesk pursuant to 35 U.S.C. § 285.

7. Defendants have no basis to claim willful infringement to justify any enhanced or increased damages.

8. Defendants are barred in whole or in part by operation of 35 U.S.C. §§ 286, 287, and/or 288.

9. Defendants are estopped from construing any valid claim of any of the asserted patents to cover or include, either literally or by application of the doctrine of equivalents, any product or service manufactured, used, imported, sold, or offered by Autodesk because of the admissions and statements made to the United States Patent and Trademark Office during prosecution of the application leading to the issuance of the '962 patent.

10. Each asserted claim of the '962 patent is invalid and/or unenforceable for failing to comply with one or more of the requirements for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

11. On information and belief, Defendants' claims are barred as a result of violations of the duty of candor and duty of disclosure to the United States Patent and Trademark Office.

12. On information and belief, Defendants' claims are barred by estoppel, waiver, acquiescence, unclean hands, and/or laches.

13. To the extent that Defendants purport to accuse Autodesk of infringement by use of unidentified software not listed in paragraph 77 of the Counterclaim, the Counterclaim is too vague and ambiguous for Autodesk to be able to reasonably prepare a response.

WHEREFORE, Autodesk prays for judgment as follows:

A. Declaring that Autodesk has not infringed and is not infringing the '962 patent, and that any claim of infringement by Alter is barred under the doctrine of patent exhaustion;

B. Declaring that Autodesk's use and distribution of XGen is authorized under the license agreement between Alter and Disney;

C. Declaring that Autodesk is licensed under the '962 patent;

D. Declaring that judgment be entered in favor of Autodesk and against Alter on Autodesk's claims;

E. Declaring that judgment be entered in favor of Autodesk and against Alter on Alter's counterclaims;

F. Declaring that Alter is enjoined from claiming that Autodesk infringes or is not licensed to the '962 patent;

G. Finding that this is an exceptional case under 35 U.S.C. § 285;

H. Awarding Autodesk its costs and attorneys' fees in connection with this action; and

I. Awarding Autodesk such other and further relief as the Court deems just and proper.

Dated: December 19, 2016

Respectfully submitted,

By: */s/ James P. Gagen*
James P. Gagen
Counsel for Plaintiff
AUTODESK, INC.