1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AUTODESK, INC. | Case No. 3:16-cv-04722 |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| JOSEPH ALTER and JOSEPH ALTER, INC., | |
| Defendant. | |

1.      PURPOSES AND LIMITATIONS

In order to expedite the flow of discovery materials, facilitate the prompt resolution of disputes over confidentiality of discovery materials, adequately protect information the parties are entitled to keep confidential, ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order and the designation of any information,

document, or thing as CONFIDENTIAL, HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY, HIGHLY CONFIDENTIAL – SOURCE CODE, or other designation(s) used by the parties does not, in and of itself, entitle them to file confidential information under seal. Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.     DEFINITIONS

2.1     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including information or material produced for or disclosed in connection with this action to a Receiving Party that a Producing Party, including any party to this action and any nonparty producing information or material voluntarily or pursuant to a subpoena or a court order in connection with this action, considers to comprise confidential technical, sales, marketing, financial, or other commercially sensitive information, whether embodied in physical objects, documents or the factual knowledge of persons, and which has been so designated by the Producing Party.

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY"  or "HIGHLY CONFIDENTIAL – SOURCE CODE".

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, pleadings, briefs, documents submitted to the court, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Technical Advisor: a person with specialized knowledge or experience in a matter

pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8     "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" Information or Items: "CONFIDENTIAL" information or items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  Such information includes: (a) marketing, financial, sales, usage data, web traffic, research and development, or technical, data, or information; (b) commercially sensitive, competitive information, including, without limitation, information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"); (c) information or data relating to future products not yet commercially released and/or strategic plans; (d) commercial agreements, settlement agreements, or settlement communications; (e) trade secrets; or (f) other documents, the disclosure of which is reasonably likely to cause harm to the competitive position of the Producing Party.  Documents marked CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY, HIGHLY CONFIDENTIAL or RESTRICTED CONFIDENTIAL shall be treated as if designated HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY.  In determining whether information should be designated as CONFIDENTIAL OUTSIDE COUNSEL ONLY, each party agrees to use such designation only in good faith.

2.9     "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: "CONFIDENTIAL" information and items that contain or substantively relate to a party's "Source Code."  "Source Code" means information or items that contain or substantively relate to confidential, proprietary and/or trade secret source code or technical design documentation.

2.10    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record: attorneys who are not employees of a party to this

action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY,"  or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order or any other obligation of confidentiality, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at

trial shall be governed by a separate agreement or order.

4.     <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) a complete settlement of all claims asserted against all parties in this action; (2) final non-appealable judgment or order herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.     <u>DESIGNATING PROTECTED MATERIAL</u>

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE) to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating

Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days of receipt of the final certified transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Deposition transcripts shall be treated by default as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" until the expiration of the time to make a confidentiality designation.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY."  Parties will not oppose any request by the Producing Party that the courtroom should be sealed, if allowed by the Court, during the presentation of any testimony relating to or involving the use of any Protected Material.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c)     for information produced in some form other than documentary and for any

other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY"  or "HIGHLY CONFIDENTIAL – SOURCE CODE". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

> (d)    for information not reduced to documentary, tangible or physical form, or which cannot be conveniently designated as set forth in (a) or (c) above, the Producing Party shall designate that information by informing the Receiving Party of the designation in writing.

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.  A party shall not be obligated to challenge the propriety of a designation of any category Protected Material at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice identifying the documents or information that the Challenging Party is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient)

within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks, and shorthand reporters, to whom it is reasonably necessary to disclose the information for this litigation;

(b)    two (2) in-house counsel who are members of at least one state bar in good standing, with the responsibility for managing this litigation;

(c)    Technical Advisors (as defined in this Order) and their necessary support personnel of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Court and its personnel, and stenographic reporters, and for the avoidance of doubt, neither the Court nor its personnel shall be required to sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)    professional or technical jury or trial consultants, including mock jurors; independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel for

purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions; and, other Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     <u>Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to the persons or entities listed in paragraphs 7.2(a), (c), (d), (e), and (f), subject to any terms set forth or incorporated therein, and may not be made available to any person or entity listed in paragraph 7.2(b).

7.4     <u>Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.</u>  To the extent production of Source Code becomes necessary in this case, a Producing Party may designate Source Code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary, or trade secret Source Code.

(a)     Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to the persons or entities listed below.

(1) Outside Counsel of Record for the parties to this action, including any attorneys, paralegals, technology specialists, and clerical employees of their respective law firms;

(2) Technical Advisors of the Receiving Party to whom disclosure is reasonably necessary for this litigation, pre-approved in accordance with the provisions set forth herein, and specifically identified as eligible to access Source Code;

(3) The Court, its technical advisor (if one is appointed), the jury, court personnel, and court reporters or videographers recording testimony or other proceedings in this action. Court reporters and/or videographers shall not retain or be given copies of

any portions of the Source Code. If used during a deposition, the deposition record will identify the exhibit by its production numbers;

(b)     To the extent any Producing Party agrees to provide Source Code, it shall ONLY be made available for inspection, not produced, except as provided for below, and shall be made available in electronic format at one of the following locations chosen at the sole discretion of the Producing Party: (1) the offices of the Producing Party's Outside Counsel of Record in this action; (2) a single, third-party site located within any judicial district in which the Source Code is stored in the ordinary course of business (e.g., an escrow company); or (3) a location mutually agreed upon by the receiving and producing parties.

(c)     Source Code will be loaded on a single, non-networked computer that is password protected and maintained in a secure, locked room. Use or possession of any input/output device (e.g., USB memory stick, cameras, or any camera-enabled device, CDs, floppy disk, portable hard drive, laptop, or any devices that can access the Internet or any other network or external system, etc.) is prohibited while accessing the computer containing the Source Code.  All persons entering the secure, locked room containing the Source Code must agree to submit to reasonable security measures to insure they are not carrying any prohibited items before they will be given access to the locked room. The computer containing Source Code will be made available for inspection during regular business hours, 9:00 a.m. through 5:30 p.m. local time at the reviewing location, upon reasonable notice by the Receiving Party, which shall not be less than five (5) business days in advance of the requested inspection.

(d)     The Receiving Party's Outside Counsel of Record and/or Technical Advisors may request that commercially available licensed software tools for viewing and searching Source Code be installed on the secured computer. The Receiving Party must provide the Producing Party with the CD or DVD containing such software tool(s) at least five (5) business days in advance of the inspection.

(e)     The Receiving Party's Outside Counsel of Record and/or Technical Advisors shall be entitled to take notes relating to the Source Code but may not copy any portion of the Source Code into the notes. No copies of all or any portion of the Source Code may leave

the room in which the Source Code is inspected except as otherwise provided herein. In addition, no mobile phones or tablets of any kind are allowed in the source code inspection room. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.

(f)     No person shall copy, email, transmit, upload, download, print, photograph, or otherwise duplicate any portion of the designated Source Code, except the Receiving Party may request a reasonable number of pages of Source Code to be printed by the Producing Party, but only if and to the extent necessary for use in this action. In no event may the Receiving Party print more than ten (10) consecutive pages, or an aggregate total of more than one hundred (100) pages, of Source Code during the duration of the case without prior written approval by the Producing Party. Subject to paragraph 7.4(g), within five (5) business days or such additional time as necessary due to the volume of data requested, the Producing Party will provide the requested printed pages on watermarked or colored paper bearing Bates numbers and the legend "HIGHLY CONFIDENTIAL – SOURCE CODE," unless objected to as discussed below. The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.

(g)     If the Producing Party objects that the printed portions are not reasonably necessary to any case preparation activity, the Producing Party shall make such objection known to the Receiving Party within five (5) business days. If after meeting and conferring, and the meet-and-confer discussion need not take place in person, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled, but not required, to seek Court resolution of whether the printed Source Code in question is reasonably necessary to any case preparation activity. Contested Source Code print outs need not be produced to the requesting party until the matter is resolved by the Court.

(h)     Any printed pages of Source Code, and any other documents or things reflecting Source Code that have been designated by the Producing Party as "HIGHLY CONFIDENTIAL – SOURCE CODE," may not be copied, digitally imaged, or otherwise duplicated, except in limited excerpts necessary to attach as exhibits to depositions, expert

reports, or court filings as discussed below.

        (i)     Any paper copies designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be stored or viewed only at: (i) the offices of Outside Counsel of Record and/or Technical Advisors for the Receiving Party; (ii) the offices of Technical Advisors who have been approved to access Source Code; (iii) the site where any deposition is taken; (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial, or deposition. Any such paper copies shall be maintained at all times in a secure location under the direct control of counsel responsible for maintaining the security and confidentiality of the designated materials.

        (j)     A list of names of persons who will view the Source Code will be provided to the Producing Party in conjunction with any written (including email) notice requesting inspection. The Receiving Party shall maintain a daily log of any individual who entered the room to inspect any portion of the Source Code in electronic or paper form and when they enter and depart.  The Producing Party shall be entitled to have a person observe all entrances and exits from the Source Code viewing room, and to a copy of the log.

        (k)     Unless otherwise agreed in advance by the parties in writing, following each inspection, the Receiving Party's Outside Counsel of Record and/or Technical Advisors shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information.  The Producing Party shall not be responsible for any items left in the room following each inspection session.

        (l)     The Receiving Party will not copy, remove, or otherwise transfer any portion of the Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring any portion of the Source Code onto any other computers or peripheral equipment. The Receiving Party will not transmit any portion of the Source Code in any way from the location of the Source Code inspection.

        (m)     The Receiving Party's Outside Counsel of Record shall maintain a log of all copies of the Source Code (received from a Producing Party) that are delivered by the Receiving Party to any qualified person under Paragraph (a) above.  The log shall include the

names of the recipients and reviewers of copies and locations where the copies are stored.  Upon request by the Producing Party, the Receiving Party shall provide reasonable assurances and/or descriptions of the security measures employed by the Receiving Party and/or qualified person that receives a copy of any portion of the Source Code;

(n)     Except as provided in this paragraph, the Receiving Party may not create electronic images, or any other images, of the Source Code from the paper copy for use on a computer (e.g., may not scan the Source Code to a PDF, or photograph the code).  The Receiving Party may create an electronic copy or image of limited excerpts of Source Code only to the extent necessary in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("SOURCE CODE DOCUMENTS").  The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code is used.  Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.  The Receiving Party may create an electronic image of a selected portion of the Source Code only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection.  The communication and/or disclosure of electronic files containing any portion of Source Code shall at all times be limited to individuals who are authorized to see Source Code under the provisions of this Protective Order.  The Receiving Party shall maintain a log of all electronic images and paper copies of Source Code in its possession or in the possession of its retained consultants, including the names of the recipients and reviewers of any electronic or paper copies and the locations where the copies are stored.  Additionally, all electronic copies must be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE".

(o)     To the extent portions of Source Code are quoted in a SOURCE CODE DOCUMENT, either (1) the entire document will be stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE" or (2) those pages containing quoted Source Code will be separately bound, and stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE".

(p)     All copies of any portion of the Source Code in whatever form shall be securely destroyed if they are no longer in use.  Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(q)     The Receiving Party's Outside Counsel of Record may only disclose a copy of the Source Code to individuals specified in Paragraph 7.4(a) (e.g., Source Code may not be disclosed to House Counsel).

(r)     The Receiving Party shall immediately notify the Producing Party of any violation of this Order regarding Source Code.

7.5     <u>Disclosure of Protected Material to Technical Advisors.</u>  Information designated by the Producing Party under any category of Protected Information and such copies of this information as are reasonably necessary for maintaining, defending or evaluating this litigation may be furnished and disclosed to the Receiving Party's Technical Advisers and their necessary support personnel. No disclosure of Protected Information to a Technical Adviser or their necessary support personnel shall occur until that person has signed the form attached hereto as "Acknowledgment and Agreement to be Bound" (Exhibit A), and a signed copy has been provided to the Producing Party; and to the extent there has been an objection, that objection is resolved according to the procedures set forth below.

(a)     Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to a Technical Advisor (as defined in this Order) any Protected Material first must provide prior written notice that (1) identifies the Protected Material that the Receiving Party seeks permission to disclose to the Technical Advisor, (2) sets forth the full name of the Technical Advisor and the city and state of his or her primary residence, (3) attaches a copy of the Technical Advisor's current resume and curriculum vitae, (4) identifies the Technical Advisor's current employer(s), (5) identifies each person or entity from whom the Technical Advisor has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding ten years, (6) identifies (by name and number of the

case, filing date, and location of court) any litigation in connection with which the Technical Advisor has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years, and (7) identifies any patents or patent applications in which the technical advisor is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest.

(b)     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Technical Advisor unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.  The objecting party's consent to the disclosure of Protected Material to a Technical Advisor shall not be unreasonably withheld, and its objection must be based on that party's good faith belief that disclosure of its Protected Material to the Technical Advisor will result in specific business or economic harm to that party.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Technical Advisor may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Technical Advisor is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Technical Advisor shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards

proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Technical Advisor.  Such proof shall include a particularized showing that:  (1) the Protected Material is confidential commercial information, (2) disclosure of the Protected Material likely would result in a clearly defined and serious injury to the objecting party's business, (3) the proposed Technical Advisor is in a position to allow the Protected Material to be disclosed to or become known by the objecting party's competitors, and (4) that the Technical Advisor's access to Protected Material may create other confidentiality or legal risks in connection with other patent-related activities or interests tied to the technical advisor.

(d)     A Party who has not previously objected to disclosure of Protected Material to a Technical Advisor or whose objection has been resolved with respect to previously produced information shall not be precluded from raising an objection to a Technical Advisor at a later time with respect to materials or information that are produced after the time for objecting to such a Technical Advisor has expired. Any such objection shall be handled in accordance with the provisions set forth above in Sections (a)-(c).

7.6     Limitations on Use.   All Protected Materials shall be held in confidence by each person to whom it is disclosed, shall be used only for the purposes of this litigation, shall not be used for any business purposes or in connection with any other legal proceeding, and shall not be disclosed to any person who is not entitled to receive such information as herein provided.  All Protected Materials shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.  Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Protected Material of which such person has prior knowledge.  Without in any way limiting the generality of the foregoing:

(a)     A present director, officer, and/or employee of a Producing Party may be examined and may testify concerning all Protected Material which has been produced by that party and of which the witness has personal knowledge.

(b)     A former director, officer, agent and/or employee of a Producing Party may be interviewed, examined and may testify concerning all Protected Material of which he or she

has personal knowledge, including any Protected Material that refers to matters of which the witness has personal knowledge, which has been produced by that party and which pertains to the period or periods of his or her employment.

(c)     Non-parties may be examined or testify concerning any document containing Protected Material of a Producing Party which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the Producing Party or a representative of the Producing Party. Any person other than the witness, his or her attorney(s), or any person qualified to receive Protected Material under this Order shall be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination.  If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney must provide a signed statement, in the form of Attachment A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Protected Material disclosed during the course of the examination.  In the event that such attorney declines to sign such a statement prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Material.

(d)     With respect to all transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents or portions of documents submitted to the Court, which have been designated as Protected Material, or which contain information so designated, shall be filed under seal in a manner prescribed by the Court for such filings.

(e)     Outside attorneys of record for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved.  No material or copies thereof so filed shall be released except by order of the Court, to Outside Counsel of Record, or as otherwise provided for hereunder. Notwithstanding the foregoing and with regard to material designated as "HIGHLY

19

CONFIDENTIAL – SOURCE CODE", the provisions of Section 7.4 are controlling to the extent those provisions differ from this paragraph.

(f)     Protected Material shall not be copied or otherwise produced by a Receiving Party, except for transmission to qualified recipients, without the written permission of the Producing Party, or, in the alternative, by further order of the Court.  Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests, and analyses of "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" information for use in connection with this litigation and such working copies, abstracts, digests, and analyses shall be deemed Protected Material under the terms of this Order.  Further, nothing herein shall restrict a qualified recipient from converting or translating "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" information into machine-readable form for incorporation into a data retrieval system used in connection with this action, provided that access to that Protected Material, in whatever form stored or reproduced, shall be limited to qualified recipients.

(e)     At the request of any party, the original and all copies of any deposition transcript, in whole or in part, shall be marked "CONFIDENTIAL" by the reporter.  This request may be made orally during the deposition or in writing within fifteen (15) days of receipt of the final certified transcript.  Deposition transcripts shall be treated by default as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" until the expiration of the time to make a confidentiality designation.  Any portions so designated shall thereafter be treated in accordance with the terms of this Order.

8.     <u>PROSECUTION BAR</u>

Absent written consent from the Producing Party, any individual who receives access to "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be involved in the prosecution of patents or patent applications relating to defining, generating, or maintaining geometric systems in computer graphics or animation, including without limitation the patent asserted in this action and any patent or application claiming priority to or otherwise related to the patent asserted in this action,

before any foreign or domestic agency, including the United States Patent and Trademark Office

("the Patent Office").  For purposes of this paragraph, "prosecution" includes directly or

indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent

claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing

a party challenging a patent before a domestic or foreign agency (including, but not limited to, a

reissue protest, *ex parte* reexamination or *inter partes* reexamination). This Prosecution Bar shall

begin when access to "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or

"HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected

individual and shall end two (2) years after final termination of this action.

9.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER</u>
       <u>LITIGATION</u>

       If a Party is served with a subpoena or a court order issued in other litigation that compels

disclosure of any information or items designated in this action as Protected Material that Party

must:

       (a)     promptly notify in writing the Designating Party. Such notification shall

include a copy of the subpoena or court order;

       (b)     promptly notify in writing the party who caused the subpoena or order to

issue in the other litigation that some or all of the material covered by the subpoena or order is

subject to this Protective Order. Such notification shall include a copy of this Protective Order;

and

       (c)     cooperate with respect to all reasonable procedures sought to be pursued

by the Designating Party whose Protected Material may be affected.

       The Party to whom the subpoena or court order is directed shall provide the Designating

Party with an opportunity to object to the production of such documents.  If the Designating Party

does not take steps to prevent disclosure of such documents within ten business days of the date

written notice is given, the party to whom the referenced subpoena is directed may produce such

documents in response thereto, but shall take all reasonable measures to have such documents

treated in accordance with the terms of this Protective Order.  The Designating Party shall bear

the burden and expense of seeking protection of its Protected Material in the Court from which

the subpoena or order issued, and nothing in these provisions should be construed as authorizing

or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS

        LITIGATION

        (a)     The terms of this Order are applicable to information produced by a Non-

Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".  Such

information produced by Non-Parties in connection with this litigation is protected by the

remedies and relief provided by this Order.  Nothing in these provisions should be construed as

prohibiting a Non-Party from seeking additional protections.

        (b)     In the event that a Party is required, by a valid discovery request, to

produce a Non-Party's confidential information in its possession, and the Party is subject to an

agreement with the Non-Party not to produce the Non-Party's confidential information, then the

Party shall:

        1.   promptly notify in writing the Requesting Party and the Non-Party that

some or all of the information requested is subject to a confidentiality agreement with a Non-

Party;

        2.   promptly provide the Non-Party with a copy of the Stipulated Protective

Order in this litigation, the relevant discovery request(s), and a reasonably specific description of

the information requested; and

        3.   make the information requested available for inspection by the Non-Party.

        (c)     If the Non-Party timely seeks a protective order, the Receiving Party shall

not produce any information in its possession or control that is subject to the confidentiality

agreement with the Non-Party before a determination by the Court.  Absent a court order to the

contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of

its Protected Material.

        (d)     A Non-Party producing information or material voluntarily or pursuant to a

subpoena or a court order may designate such material or information as Protected Material pursuant to the terms of this Protective Order. A Non-Party's use of this Protective Order to protect its Protected Material does not entitle that nonparty to access to the Protected Material produced by any party or other nonparty in this case.

11.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Inadvertent or unintentional production of documents or things containing Protected Material that are not designated as one or more of the three categories of Protected Material at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  With respect to documents, the Producing Party shall immediately upon discovery give notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, and provide replacement pages bearing the appropriate confidentiality legend.  In the event of any disclosure of Protected Material other than in a manner authorized by this Protective Order, including any unintentional or inadvertent disclosure, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure including, retrieving all copies of the Protected Material from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Material in any form. Compliance with the foregoing shall not prevent the Producing Party from seeking further relief from the Court.

13.     <u>NO WAIVER OF PRIVILEGE</u>

Nothing in this Protective Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity.  Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.  For example, the mere production of privilege or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or any other federal or state proceeding.  A Producing Party may assert privilege or protection over produced documents at any time by notifying the Receiving Party in writing of the assertion of privilege or protection.  In addition, information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced or if notice is provided.

14.     <u>MISCELLANEOUS</u>

14.1     <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2     <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3     <u>Export Control</u>. Each party receiving Protected Material shall comply with all applicable export control statutes and regulations.  See, e.g., 15 CFR 734.2(b). No Protected Material may leave the territorial boundaries of the United States of America or be made available to any foreign national who is not (i) lawfully admitted for permanent residence in the United States, or (ii) identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C. 1324b(a)(3)). No Protected Material may leave the territorial boundaries of the United States of America. Without limitation, this prohibition extends to Protected Material (including copies) in physical and electronic form. The viewing of Protected Material through

24

electronic means outside the territorial limits of the United States of America is similarly prohibited. Notwithstanding this prohibition, Protected Material, exclusive of material designated "HIGHLY CONFIDENTIAL – SOURCE CODE", and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country. The restrictions contained within this paragraph may be amended through the consent of the Producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

14.4    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the Court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the Court.

14.5    Voluntary Waiver. Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by the attorney-in-charge for the party against whom such waiver will be effective.

14.6    Expert Drafts Not Discoverable. Technical Advisors shall not be subject to discovery of any draft of their reports in this case and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery.  In addition, all communications between counsel for a party and that party's Technical Advisor, and all materials generated by a Technical Advisor with respect to that person's work, are exempt from discovery unless they relate to the Technical Advisor's compensation or identify facts, data or assumptions relied upon by the Technical Advisor in forming any opinions in this litigation

and such information is not already disclosed in the Technical Advisor's report.

14.7    Privilege Log. No party shall be required to identify on their respective privilege log any document or communication dated on or after the filing of the lawsuit, which absent this provision, the party would have been obligated to so identify on said privilege log.  The parties shall exchange their respective privilege document logs at a time to be agreed upon by the parties following the production of documents.

14.8    Modifications. This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires.   Furthermore, without application to this Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.  No modification by the parties shall have the force or effect of a court order unless the Court approves the modification.

14.9    Forum. The United States District Court for the Northern District of California is responsible for the interpretation and enforcement of this Protective Order.  After termination of this litigation, the provisions of this Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Material for enforcement of the provision of this Protective Order following termination of this litigation.  All disputes concerning Protected Material produced under the protection of this Protective Order shall be resolved by the United States District Court for the Northern District of California or other Local Rules and procedures.

14.10    Communication and Advice. Nothing in this Protective Order shall preclude or impede outside litigation counsel of record's ability to communicate with or advise their client in connection with this litigation only based on such counsel's review and evaluation of Protected Material, provided however, that such communications or advice shall not disclose or reveal the substance or content of any Protected Material other than as permitted under this Protective

Order.

14.11   <u>Effective Date.</u> Each of the parties agrees to be bound by the terms of this Protective Order as of the date counsel for such party executes this Protective Order, even if prior to entry of this order by the Court.

15.   <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party shall, at the option of the Producing Party, either return or destroy all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, correspondence, memoranda, notes, other work product materials containing or referring to any Protected Material, and any other format reproducing, capturing, containing, or referring to any of the Protected Material. When the Protected Material is destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel of Record are entitled to retain for archival purposes two copies of all pleadings, motions, trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), hearing and trial transcripts (and exhibits thereto), legal memoranda, correspondence, expert reports, and consultant and expert work product, and their attorney work product which refers or is related to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" information. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

1
2
3    DATED: ___December 20, 2016_____

4                                                    _____
                                                     Attorneys for Plaintiff
5
     DATED: ____December 20, 2016_____               _____
6                                                    Attorneys for Defendants

7

8
9    PURSUANT TO STIPULATION, IT IS SO ORDERED.

10
     DATED: _____              _____
11                                                   Hon. Jacqueline Scott Corley

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Northern District of

California on [date] in the case of *Autodesk, Inc. v. Joseph Alter, et al.*, Case No. 3:!6-cv-04722.

My present employer is _____.

My present occupation or job description is _____.

I have been engaged as _____ on behalf of

_____ in the preparation and conduct of the above

litigation.

I agree to comply with and to be bound by all the terms of this Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Protective Order to any person or entity except in

strict compliance with the provisions of this Order. I also agree that I will not copy or use, except

solely for the purpose of this action, any information obtained pursuant to this Protective Order,

except as provided in the Protective Order. I also agree to notify any stenographic or clerical

personnel who are required to assist me of the terms of this Protective Order.

I understand that I am to retain all copies of any documents designated as

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," and/or

"HIGHLY CONFIDENTIAL – SOURCE CODE," or any similar designation, in a secure

manner, and that all copies are to remain in my personal custody until I have completed my

assigned duties, whereupon the copies and any writings prepared by me containing any

information designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE

COUNSEL ONLY," and/or "HIGHLY CONFIDENTIAL – SOURCE CODE," or any similar

designation, are to be returned to counsel who provided me with such material.

In accordance with Section 7.5 (if applicable), I have attached my resume, curriculum vitae, or other information to this executed Agreement sufficient to identify my current employer and employment history for the past ten years, and the cases in which I have testified as an expert at trial or by deposition within the preceding five years.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name], of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                        [printed name]

Signature: _____
                        [signature]