UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTODESK, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSEPH ALTER, et al.,<br><br>    Defendants. | Case No. 16-cv-04722-WHO<br><br>**ORDER TO SHOW CAUSE RE: TRANSFER**<br><br>Re: Dkt. No. 60 |

This action involves a dispute over the parties' respective rights under a Settlement and License Agreement ("License Agreement") between defendants Joseph Alter and Joseph Alter, Inc. (collectively, "Alter") and counter-defendant The Walt Disney Company ("Disney"). The License Agreement contains a valid form selection clause which mandates that all litigation between Alter and Disney regarding the agreement occur in Los Angeles, California.

On August 17, 2016, plaintiff Autodesk, Inc., who is not a signatory to the License Agreement, filed this action against Alter for declaratory judgment of license and non-infringement. Dkt. No. 1. In turn, Alter asserted mandatory counterclaims for: (1) declaratory judgment of no license to, or exhaustion of, U.S. Patent Number 6,720,962 ("the '962 Patent") against Disney and Autodesk; (2) infringement of the '962 Patent against Autodesk; (3) indirect infringement of the '962 Patent against Disney; (4) breach of contract against Disney; (5) breach of the implied covenant of good faith and fair dealing against Disney; (6) intentional interference with prospective economic advantage against Autodesk and Disney; and (7) negligent interference with prospective economic advantage against Autodesk and Disney. Dkt. No. 34.

Disney now moves to sever Alter's counterclaims against it and to transfer those claims to the Central District of California pursuant to the mandatory forum selection clause included in the

License Agreement. Dkt. No. 60. Alter opposes Disney's motion; Autodesk has not taken a position.

District courts generally have broad discretion to transfer a case to any district where the case might have been brought, "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The Court may transfer a case sua sponte under 28 U.S.C. § 1404(a) provided that "the parties are first given the opportunity to present their views on the issue." *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

It appears that this entire action, not only what Disney seeks to sever, may belong in the Central District of California, not here. All of the claims in this case are premised on the License Agreement—essentially the parties are asking the Court to interpret the License Agreement and declare what rights it confers upon them—that was negotiated, drafted, executed, and performed in the Central District of California by parties who are located in the Central District. Furthermore, the License Agreement is the result of litigation between Alter and Disney that was commenced and terminated in the Central District, and Alter's counterclaims in this action arise out of a prior action brought in the Central District. The only apparent connection to this District is that non-signatory Autodesk maintains its principal place of business in San Rafael, California. Yet Autodesk seeks to enforce the terms of, and asserts claims that must be determined by reference to, the License Agreement, which has no connection to this District and which contains a mandatory forum selection clause designating Los Angeles, California as the proper forum. These facts appear to indicate that transfer to the Central District of California is "in the interest of justice."

The parties have not briefed whether this entire action should be transferred. They are ORDERED TO SHOW CAUSE why the Court should not transfer this entire case to the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1404(a). Each party shall each file a response to this Order by April 24, 2017, in a memorandum of no more than five pages. The Court will hear this issue on April 26, 2017 at 2:00 p.m. in Courtroom 2, 17th

Floor.

**IT IS SO ORDERED.**

Dated: April 19, 2017

WILLIAM H. ORRICK
United States District Judge