Jeannine Yoo Sano (174190)
Eric Krause (257925)
Pan C. Lee (278979)
White & Case LLP
3000 El Camino Real
Five Palo Alto Square, 9th Floor
Palo Alto, CA  94306-2109
Telephone:  (650) 213-0356
WCAutodeskAlterTeam@whitecase.com

James P. Gagen (*pro hac vice*)
White & Case LLP
701 13th Street NW
Washington DC  20005-3807
Telephone:  (202) 626-6496
jgagen@whitecase.com

Attorneys for Plaintiff
AUTODESK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AUTODESK, INC.,<br><br>       Plaintiff,<br><br>   v.<br><br>JOSEPH ALTER, INC. and JOSEPH ALTER,<br><br>       Defendants; | Case No.  3:16-cv-04722-WHO<br><br>**AUTODESK, INC.'S RESPONSE TO ORDER TO SHOW CAUSE** |
| JOSEPH ALTER, INC. and JOSEPH ALTER,<br><br>       Counterplaintiffs,<br><br>   v.<br><br>AUTODESK, INC. and THE WALT DISNEY COMPANY,<br><br>       Counterdefendants. | Date:  April 26, 2017<br>Time:  2:00 p.m.<br>Courtroom 2, 17th Floor<br>Hon. William H. Orrick |

1     Declaratory Judgment Plaintiff Autodesk, Inc. responds to the Court's April 19, 2017
2  Order To Show Cause as follows.  Autodesk was informed today that Defendants Joseph Alter,
3  Inc. and Joseph Alter ("Alter") will be dismissing their claims against Disney.[1]  *See* ECF No. 78.
4  Thus, Disney's motion to sever and transfer those claims is now moot.

5     While Autodesk agrees with the Court's assessment that "[a]ll of the claims in this case
6  are premised on the License Agreement … [which] is the result of litigation between Alter and
7  Disney … and Alter's counterclaims in this action arise out of a prior action" involving the same
8  asserted patent and the same accused product, *see, e.g.*, ECF No. 1 ¶¶ 14-15; ECF No. 34 ¶¶ 47-
9  48, Autodesk is not bound by the forum selection clause.  Since no extrinsic evidence is necessary
10 or relevant to determine Autodesk's fully-briefed pending motion for judgment pursuant to Fed.
11 R. Civ. P. 12(c), *see, e.g.*, ECF No. 51-6 § 7.6, this Court may decide the issue of whether that
12 Settlement and License Agreement bars Alter's counterclaims as a matter of law.

13    Further, if the Court were to defer determination of that issue, the private factors under 28
14 U.S.C. § 1404(a), *e.g.*, relative ease of access to sources of proof, cost of obtaining attendance of
15 willing witnesses, weigh in favor of keeping the case in this district.  Autodesk will incur
16 additional expense in having to litigate its declaratory judgment claims and defending against
17 Alter's infringement allegations even though Autodesk's witnesses and technical information
18 regarding the development and distribution of the licensed accused product (XGen plug-in
19 created by Disney and exclusively licensed to Autodesk for use and distribution with Autodesk's
20 Maya product) are all located in this district.  *See In re Genentech*, 566 F.3d 1338, 1345 (Fed. Cir.
21 2009) ("In patent infringement cases, the bulk of the relevant evidence usually comes from the
22 accused infringer.  Consequently, the place where the [accused infringer's] documents are kept
23 weighs in favor of … that [forum]").

24    With respect to the public factors, Autodesk is headquartered in San Rafael, California
25 and employs a significant number of people in the Northern District.  *See Trend Micro Inc. v.*

---

[1] On April 11, 2017, Autodesk was served with a copy of Disney's motion to Alter pursuant to Fed. R. Civ. P. 11(b) requesting withdrawal of Alter's counterclaims, and the 21 day period under Fed. R. Civ. P. 11(c)(2) for Disney's motion would have expired on May 2, 2017.

-1-

*RPost Holdings, Inc.*, 2014 U.S. Dist. LEXIS 47946, at *32-*33 (N. D. Cal. Apr. 7, 2014) ("given [declaratory judgment plaintiff's] substantial presence in this District, there is a local interest in adjudicating its claims in this District").  Accordingly, local interests favor keeping the case in this district.

     In view of the foregoing, Autodesk respectfully requests that this Court adjudicate this case where it was originally filed.

Dated:   April 24, 2017　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　By:  */s/ Jeannine Sano*
　　　　　　　　　　　　　　　　　　　　　　　　　Jeannine Sano

　　　　　　　　　　　　　　　　　　　　　　Counsel for Declaratory Judgment Plaintiff
　　　　　　　　　　　　　　　　　　　　　　AUTODESK, INC.