JASON BARTLETT (State Bar No. 214530)
jbartlett@mkwllp.com
JASON A. CROTTY (State Bar No. 196036)
jcrotty@mkwllp.com
MARC J. PERNICK (State Bar No. 160591)
mpernick@mkwllp.com
MAURIEL KAPOUYTIAN WOODS LLP
275 Battery Street, Suite 480
San Francisco, California 94111
Telephone: 415-738-6228
Facsimile: 415-738-2315

*Attorneys for Defendants*
JOSEPH ALTER and
JOSEPH ALTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTODESK, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>JOSEPH ALTER and<br>JOSEPH ALTER, INC.,<br><br>    Defendants.<br><br>JOSEPH ALTER and<br>JOSEPH ALTER, INC.,<br><br>    Counterplaintiffs,<br><br>v.<br><br>AUTODESK, INC., and<br>THE WALT DISNEY COMPANY<br><br>    Counterdefendants. | Case No. 3:16-cv-04722-WHO<br><br>**ALTER'S RESPONSE TO ORDER TO SHOW CAUSE REGARDING TRANSFER** |

Pursuant to the Court's Order of April 19, 2017 (Dkt. No 60), Defendants and Counterplaintiffs Joseph Alter and Joseph Alter, Inc. ("Alter") respond to the Order to Show Cause why the Court should not transfer this entire case to the U.S. District Court for the Central District of California, pursuant to 28 U.S.C. § 1404(a).

Alter and The Walt Disney Company ("Disney") have today reached an agreement in principle to resolve this dispute as to them. Alter anticipates submitting a stipulated proposed order of dismissal to the Court before the hearing on April 26. As a result, Alter expects that there will be no remaining party seeking to enforce the forum selection clause that is the basis of the Court's Order as there will not be a dispute regarding the Agreement between the parties to that Agreement. Moreover, there will be no remaining party that is a resident of Southern California.[1] In light of this, and in further view of the long history of this litigation, the progress that has already been made here, the stark disparity of resources between Alter and his opponents, and the fact that the Northern District was a forum chosen by Plaintiff Autodesk, Alter requests that the Court keep this suit on track toward resolution here in the Northern District.

Although he is the patent owner, Alter did not pick the Northern District for this litigation. Alter first sued Disney in Los Angeles Superior Court on July 22, 2016, for breach of the settlement and license agreement that resolved Alter's 2011 *pro se* patent suit against Disney. Disney removed the suit to the Central District. In August 2016, Autodesk sued Alter for declaratory judgment here in the Northern District.

Initially, Alter sought to stay this suit until his dispute with Disney was resolved. Alter sought first to resolve the scope of the covenant not to sue and similar license provisions. Alter's stay motion was based on the prejudice that would flow from letting Autodesk put Alter on the horns of a dilemma. Mot. to Dismiss or Stay (Dkt. No. 14) at 7. Alter could proceed with an infringement suit before resolving the underlying contractual issue of whether Autodesk enjoyed any protections under the license to which it was not a party, and thus risk a claim for breach of a covenant not to sue. Alternatively, Alter could refrain from asserting compulsory infringement

---

[1] Mr. Alter has recently permanently relocated overseas in France where his wife has citizenship.

counterclaims against Autodesk, and thereby potentially waive them. Magistrate Judge Jacqueline Scott Corley denied Alter's request to stay but suggested during argument at the hearing that a way to address Alter's concern would be to consolidate the suits. Thereafter, Alter voluntarily dismissed his claims against Disney in the Central District and refiled them as counterclaims here.

Disney first appeared here on March 6, 2017, to decline Judge Corley's jurisdiction (to which Autodesk and Alter had previously consented). On March 8, Autodesk filed a motion for judgment on the pleadings based on its interpretation of the Alter-Disney settlement and license agreement. Five days later, Disney appeared and moved to sever and transfer. A Court-sponsored mediation is scheduled here in San Francisco for May 18, 2017, at JAMS.

In contrast to his well-funded opponents in this suit, Alter is an independent entrepreneur. *See* Decl. of J. Alter ISO Opp. to Mot. to Dismiss (Dkt. No. 63) at ¶8-10. His Shave and a Haircut software is his primary source of income. Autodesk has caused him to substantially increase his product development costs to compete with the expanded competing functionality in Autodesk's Maya. It has also severely impacted his sales.

Alter is determined to press his claims for damages against Autodesk, but he cannot afford ancillary litigation. Given the choice between proceeding here without Disney, or starting over again in the Central District of California, Alter must acquiesce to Autodesk's choice of forum and proceed here without further delay.

Alter therefore respectfully requests that the Court not transfer this suit to the Central District.

Dated: April 24, 2017

          MAURIEL KAPOUYTIAN WOODS LLP

          By _/s/ Jason Bartlett_
          JASON BARTLETT
          *Attorneys for Defendants*,
          JOSEPH ALTER and
          JOESPH ALTER, INC.