UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTODESK, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH ALTER, et al., <br><br> Defendants. | Case No. 16-cv-04722-WHO <br><br> **ORDER DENYING MOTION FOR ATTORNEY FEES** <br><br> Re: Dkt. No. 167 |

Plaintiff Autodesk, Inc. ("Autodesk") sued defendants Joseph Alter, Inc. and Joseph Alter (collectively, "Alter"), seeking a declaratory judgment of noninfringement of United States Patent No. 6,720,962 ("the '962 patent") and monetary and injunctive relief for breach of contract. First Amended Complaint (Dkt. No. 109). Alter asserted seven counterclaims against Autodesk and the Walt Disney Company ("Disney"). Dkt. No. 34.[1] As to Autodesk, Alter sought a declaration of no license to or exhaustion of the '962 patent, and asserted claims of infringement of the '962 patent and intentional and negligent interference with prospective economic advantage. *Id*. On March 15, 2018, I granted summary judgment in Autodesk's favor, agreeing with Autodesk's interpretation of the release and covenant not to sue provisions in a license and distribution agreement between Alter and Disney. Dkt. No. 163. Those provisions, I found, covered Autodesk's actions and defeated Alter's counterclaims. *Id*.

Autodesk now moves for an award of attorney fees pursuant to Rule 37(c)(2).[2] Autodesk

---

[1] The claims against Disney were dismissed pursuant to a stipulation. Dkt. No. 82.

[2] Rule 37(c)(2) provides: "(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit. . . . (2) Failure to Admit. If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees,

argues that because Alter refused to admit to a number of Autodesk's Requests for Admissions (RFAs), Autodesk had to "prove up" various facts by securing a declaration from one of its engineers and a declaration from a Disney employee, and the briefing the issues in order to prevail on summary judgment. Dkt. No. 167. Alter opposes the motion, arguing that its limited objections to some of the RFAs were appropriate and its denials of various RFAs were reasonable given Alter's interpretation of the license and distribution agreement.

I agree with Alter and will not award fees to Autodesk. Alter's objections to the RFAs at issue were reasonable, given the ambiguity and dispute as to the meaning of terms used in the RFA. Alter's denials to the RFAs at issue were based on Alter's good faith belief as to how the disputed terms of the license and distribution agreement should be interpreted. That I agreed on summary judgment with Autodesk and rejected Alter's proposed interpretations does not make Alter's reliance on them in denying the RFAs unreasonable.

The motion for fees under Rule 37(c)(2) is DENIED.

**IT IS SO ORDERED.**

Dated: August 9, 2018

William H. Orrick
United States District Judge

---

incurred in making that proof. The court must so order unless: (A) the request was held objectionable under Rule 36(a); (B) the admission sought was of no substantial importance; (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or (D) there was other good reason for the failure to admit."

2